**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JEREMY ALEXANDER WILLIAMS,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and NAVY FEDERAL CREDIT UNION,

Defendants.

Case No. 26-cv-3607 (LMP/JFD)

**ORDER**

Jeremy Alexander Williams brought this action pro se on August 13, 2026, alleging claims arising under the Fair Credit Reporting Act ("FCRA").[1] Rather than pay the filing fee associated with opening a new matter, Williams requests to proceed *in forma pauperis* ("IFP Application"), ECF No. 2, which subjects his complaint to early review under 28 U.S.C. § 1915(e)(2) before being served. Having conducted that review, the Court dismisses Williams claims against Navy Federal Credit Union ("Navy Federal") but otherwise grants the IFP Application.

**BACKGROUND**

Williams alleges that after he settled a "lawsuit" with Defendant Experian Information Solutions ("Experian") around July 2023, Experian placed a "permanent

[1] Fair Credit Reporting Act, Pub. L. No. 91-508, tit. VI, 84 Stat. 1114, 1127–36 (1970) (codified as amended at 15 U.S.C. §§ 1681–1681x).

system block on [his] file to prevent third-party lenders from accessing his credit profile." ECF No. 1 ¶¶ 3, 16. The effect of the block was to prevent any creditors from "successfully pulling, accessing, or reviewing" his consumer credit data. *Id.* ¶ 17.

On September 19, 2025, Williams applied to Navy Federal for a business credit card. *Id.* ¶¶ 19–20. Navy Federal initially denied his application on September 22 and informed him that it "could not pull any consumer information or found no credit file." *Id.* ¶ 21 (citation modified). Navy Federal followed up a few days later and told Williams that "[p]er Experian there is no record found for the consumer." ECF No. 1-2 at 1. Navy Federal further informed Williams that he should reach out to Experian to resolve the issue. *Id.* Williams then "repeatedly called" Experian, but Experian "refused to remove the block, escalate the case, or conduct any investigation." ECF No. 1 ¶ 23. On October 16, 2025, Navy Federal formally denied Williams's application, stating only that it was "[u]nable to verify credit reference." *Id.* ¶ 24; ECF No. 1-2 at 2–3.

On September 22, 2025, Williams filed a complaint with the Consumer Financial Protection Bureau ("CFPB"), "regarding Experian's failure to maintain an accessible credit file." ECF No. 1 ¶ 26. In response to the complaint, Experian denied Williams's claims and stated that the CFPB complaint "involves the same issues raised in pending or prior litigation." *Id.* ¶ 27; *see also* ECF No. 1-2 at 29–30. On September 24, 2025, Williams filed another CFPB complaint—this one against Navy Federal—regarding its failure to provide him credit. *Id.* ¶ 30. Navy Federal responded to the complaint much like it had responded to Williams and informed the CFPB that Experian was at fault. *Id.* ¶ 31–32; *see also* ECF No. 1-2 at 15–16.

Williams alleges that the credit block forced him to close his business, causing financial loss and emotional distress. ECF No. 1 ¶¶ 4, 36–43.[2] Liberally construed, Williams asserts three FCRA claims. *See id.* at 13 (listing three "counts"). First, Williams alleges that Experian violated 15 U.S.C. § 1681e(b) by failing to use "reasonable procedures to assure maximum possible accuracy" of its information about Williams. *See id.* ¶¶ 4, 21, 26, 29, 33. Second, Williams alleges that Experian violated 15 U.S.C. § 1681i(a)(1)(A) by refusing to reinvestigate after Williams disputed his file's condition (both directly and through the CFPB). *Id.* ¶¶ 23, 26–28. And third, Williams alleges that Navy Federal violated 15 U.S.C. § 1681m(a)(3)(a) by issuing an adverse-action notice that did not identify the relevant "consumer reporting agency" ("CRA"). *See id.* ¶¶ 24, 44.[3] Williams seeks statutory damages under 15 U.S.C. § 1681n(a)(1)(A), an injunction directing Experian to unblock his credit profile, and $7,774.48 in actual damages against Experian. *See id.* at 12–13.

---

[2] Williams states that Experian restored access to his credit file on August 7, 2026, while he was preparing this suit. ECF No. 1 ¶¶ 33, 35. But his credit score had dropped 138 points. *Id.* ¶ 34.

[3] The FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

## ANALYSIS

Even if an IFP applicant financially qualifies for IFP status, an IFP application will nevertheless be denied and an action will be dismissed when the complaint is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In determining whether a complaint states a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation modified). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Williams is proceeding pro se, the Court is mindful to liberally construe his filings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

### I. Claim against Navy Federal

Williams's only claim against Navy Federal is that its denial notice of October 16, 2025, failed to identify the CRA involved as 15 U.S.C. § 1681m(a)(3)(A) requires. And

Williams alleges that he may recover against Navy Federal under 15 U.S.C. § 1681n, which provides the private cause of action for FCRA violations.

But Williams is incorrect that Section 1681n provides him a cause of action. While that section usually provides a private cause of action for FCRA violations, Section 1681m explicitly *exempts* private enforcement, providing that Section 1681n "shall not apply to any failure by any person to comply with this section." 15 U.S.C. § 1681m(h)(8)(A). Instead, § 1681m "shall be enforced exclusively . . . by the Federal agencies and officials identified" in Section 1681s. *Id.* § 1681m(h)(8)(B).[4] Because Williams's claim against Navy Federal rests entirely on Section 1681m(a), the lack of a private right of action is dispositive. The Court therefore dismisses Williams's claim against Navy Federal without prejudice and dismisses Navy Federal from the lawsuit entirely.

## II. Claims Against Experian

Williams's claims against Experian will proceed past prescreening, as they plausibly plead a claim to relief. The Court will therefore grant the IFP Application and initiate service on Experian.

## III. ADA Requests

The Court must address one more issue. Alongside the complaint and IFP Application, Williams filed a "Request for Reasonable Accommodations Under the

---

[4] Although the Eighth Circuit has not addressed the question, other circuits have held that "this section" in 15 U.S.C. § 1681m(h)(8)(A) covers all of Section 1681m, not merely subsection (h). *See, e.g.*, *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 330 (5th Cir. 2025) (collecting cases).

Americans with Disabilities Act," (the "ADA").[5] *See generally* ECF No. 3 ("ADA Request"). In it, Williams invokes Title II of the ADA and asks for accommodations for disabilities that Williams says substantially limit major life activities and cause "cognitive processing limitations." *Id.* at 2 (identifying post-traumatic stress disorder, depression, and iatrogenic prurigo). Specifically, Williams asks for 30 additional days "to file motions, responses, or other pleadings"; electronic-filing access; remote appearances; orders "in large-print or audio format"; and a "court-appointed pro bono neutral" to explain procedural filings. *Id.*

The Court will largely grant three of Williams's requests under its inherent authority to manage its proceedings.[6] First, Williams may register for electronic noticing and filing under the District's procedures for pro se parties.[7] Second, electronic service should provide Williams with documents in a text-based format compatible with text-to-speech technology. And third, Williams may appear by telephone or videoconference at pretrial conferences and non-dispositive hearings before the undersigned unless otherwise ordered.

---

[5] Americans with Disabilities Act of 1990, Pub. L. No. 101-336, tit. II, 104 Stat. 327, 337–53 (codified as amended at 42 U.S.C. §§ 12131–12165).

[6] Title II does not apply to federal courts because they are not "public entities" under the statute. *See* 42 U.S.C. § 12131(1); *see also, e.g.*, *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) (noting that "Title II of the ADA is not applicable to the federal government" (citing § 12131(1)); *Woods v. City of St. Louis*, No. 4:24-cv-0868 (MTS), 2025 WL 2096679, at *5 n.3 (E.D. Mo. July 25, 2025) (citing *Cellular Phone Taskforce*).

[7] The form can be found on the District of Minnesota's website at: https://www.mnd.uscourts.gov/sites/mnd/files/forms/Pro-Se-Litigant-Application.pdf.

But Williams's other requests are denied without prejudice. His request for a 30-day blanket extension of his filing deadlines is denied because Federal Rule of Civil Procedure 6(b) allows Williams to move the Court to extend specific deadlines as necessary. The Court will consider any such request on a case-by-case basis. And Williams's request for a "court-appointed pro bono neutral . . . to help explain complex procedural filings" is denied because there is no right to appointed counsel in a civil case.[8] To be sure, 28 U.S.C. § 1915(e)(1) allows the Court to appoint counsel in certain cases. But the relevant factors to consider include the case's complexity and the litigant's ability to investigate and present his claims. *See, e.g.*, *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases). The Court does not believe the appointment of counsel is warranted here. Williams's surviving claims are limited in scope, and Williams's filings show that he can articulate them. The request is therefore denied without prejudice.

That said, the Court believes that counsel would be able to assist Williams to prosecute his case. As a result, the Court will refer this matter to the Federal Bar Association's *Pro Se* Project. The *Pro Se* Project is a collaboration between the United States District Court for the District of Minnesota and the Minnesota Chapter of the Federal Bar Association through which volunteer lawyers donate their time to assist unrepresented

---

[8] Williams asserts that the individual would not act as counsel. But the Court knows of no other way to characterize his request; the Court knows of no statutory authority for the appointment of a "pro-bono neutral" that would merely assist him to understand filings.

individuals. Pro se litigants who are referred to the *Pro Se* Project by the Court can meet with a volunteer attorney, but they are not guaranteed representation. The Court will include a referral letter with this Order to begin the process should Williams choose to participate.

**ORDER**

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jeremy Alexander Williams's claim against Defendant Navy Federal Credit Union is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(b);

2. Navy Federal Credit Union is **DISMISSED WITHOUT PREJUDICE** as a party to this action;

3. Williams's Application To Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**;

4. Williams must submit a properly completed Marshal Service Form (Form USM-285) for Defendant Experian Information Solutions, Inc. ("Experian"). If Williams does not complete and return the Marshal Service Form within 30 days of this Order's date, the Court may dismiss this matter without prejudice for failure to prosecute. A Marshal Service Form will be provided to Williams by the Court;

5. After the return of the completed Marshal Service Form, the Clerk of Court is directed to seek waiver of service from Experian, consistent with Rule 4(d) of the Federal Rules of Civil Procedure;

6. If Defendant Experian fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose on that Defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver-of-service form under Federal Rule of Civil Procedure 4(d)(2);

7. Williams's Request for Reasonable Accommodations Under the Americans with Disabilities Act (ECF No. 3) is **GRANTED IN PART** and **DENIED IN PART**, as detailed above; and

8. The Court will refer Williams by separate letter to the *Pro Se* Project ("PSP"). The PSP is a partnership between the U.S. District Court for the District of Minnesota and the Minnesota Chapter of the Federal Bar Association. Pro se litigants referred to the PSP may meet with a volunteer attorney; however, Williams should understand that a PSP referral does not guarantee representation.

Dated: October 20, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge